1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CONNIE HILL,

11              Plaintiff,                    No. 2:12-cv-1314 GEB GGH PS

12         vs.

13   JUSTIN R. CULLUM, et al.,,            ORDER AND FINDINGS AND

14              Defendants.                   RECOMMENDATIONS

15   _____/

16         Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19         Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22         The determination that plaintiff may proceed in forma pauperis does not complete

23   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

24   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

25   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26   an immune defendant.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17  the court to draw the reasonable inference that the defendant is liable for the misconduct

18  alleged."  Id.

19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24   Plaintiff alleges that she was in possession of certain real property "as her

25  exclusive right" when defendants entered the property with an "unexecuted" grant deed and

26  trespassed without her consent.  She claims she has now been deprived of her property for 52

1   months.  She seeks damages for trespass and "recording of fraudulent documents/instruments."

2   She also seeks "annulment" of defendant's grant deed and deed of trust and that defendants

3   immediately vacate the property which should be returned to her.

4         The court has been unable to determine a jurisdictional basis for this action.  A

5   federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by

6   the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377,

7   114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the

8   United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may

9   from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal

10  district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S.

11  689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at

12  any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products,

13  Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

14        The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

15  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

16  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

17  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

18  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

19  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

20  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

21  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

22        For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be

23  diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal

24  question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a

25  federal law or the United States Constitution, (2) allege a "case or controversy" within the

26  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369

1    U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

2            The complaint makes no reference to federal law and is not based on diversity

3    jurisdiction, but raises only state law claims of trespass and recording of fraudulent instruments.

4    Both plaintiff and all defendants are residents of California.  Because amendment would not cure

5    the jurisdictional defect based on the set of facts presented by plaintiff, plaintiff will not be given

6    the opportunity to amend her complaint.

7            Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma

8    pauperis is granted.

9            For the reasons stated herein, IT IS RECOMMENDED that this action be

10   dismissed with prejudice for lack of subject matter jurisdiction.

11           These findings and recommendations are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

13   fourteen (14) days after being served with these findings and recommendations, plaintiff may file

14   written objections with the court.  The document should be captioned "Objections to Magistrate

15   Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections

16   within the specified time may waive the right to appeal the District Court's order.

17   DATED: August 27, 2012

18

                          /s/ Gregory G. Hollows
19                  UNITED STATES MAGISTRATE JUDGE

20   GGH:076
     Hill1314.fr.wpd
21

22

23

24

25

26